J-A17030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MAURICE BOYD | : | |
| | : | |
| Appellant | : | No. 1240 EDA 2018 |

Appeal from the PCRA Order April 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0227881-1986,
CP-51-CR-0827451-1986

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 09, 2019**

Appellant, Maurice Boyd, appeals *pro se* from an order entered on April 24, 2018, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On a previous appeal, we summarized the facts of this case as follows:

On July 16, 1987, [A]ppellant was convicted of first-degree murder and other crimes in connection with the death of Adriane Jardine. The Commonwealth presented evidence that in the early morning hours of July 31, 1986, Anthony Bird, Bird's girlfriend, and [A]ppellant went to the home where Jardine and her father lived. After [A]ppellant and Jardine had sexual relations, Jardine fell asleep. Bird stole various items from the living room and drove off with his girlfriend. Jardine awoke to find [A]ppellant rifling through her father's possessions. Appellant then struck Jardine repeatedly in the head with a baseball bat, killing her. Shortly thereafter, [A]ppellant confessed the crime to his friend, Wayne Hennigan. Hennigan's girlfriend, Christemme Sutton, overheard the confession. A few days later, [A]ppellant confessed to Ms. Sutton directly. Appellant also confessed to the police.

***Commonwealth v. Boyd***, __A.2d__, 3977 PHL 1996 (Pa. Super. 1999) (unpublished memorandum), at 1-7 (citation omitted).

Following a jury trial, Appellant was sentenced to life imprisonment. This Court affirmed the judgment of sentence on December 31, 1991. **See *Commonwealth v. Boyd***, 606 A.2d 1225 (Pa. Super. 1991) (unpublished memorandum), at 1-9. On May 16, 1995, Appellant filed his first PCRA petition. The petition was dismissed on October 16, 1996, without a hearing. This Court affirmed the dismissal on March 24, 1999. ***See Boyd***, 3977 PHL 1996, at 1-7. On June 15, 2006, Appellant filed his second PCRA petition. The petition was denied as untimely on November 22, 2006. On January 7, 2015, Appellant filed the current *pro se* PCRA petition, which constitutes Appellant's third petition for post-conviction collateral relief.

Within Appellant's current *pro se* petition, Appellant declared that he recently learned of a possible witness, a fellow inmate, Darryl Williams. Specifically, Appellant attached to his petition an affidavit from Mr. Williams averring that, on the night of the murder, he saw a "5'5" or 5'6" brown skin complexion [man] getting into the passenger seat of a car carrying what appeared to be a radio or television." Appellant's *Pro Se* Third PCRA Petition, 1/7/15, at Exhibit "A." The affidavit also states that Mr. Williams provided this description to the police. ***Id.*** Consequently, Appellant alleged that the above information constituted a newly-discovered fact that purportedly invoked the PCRA's timeliness exception set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(ii) and,

- 2 -

therefore, entitles him to relief. Likewise, Appellant asserted that his petition was timely because he filed it within 60 days after learning this new information. [1]

The PCRA court appointed counsel to represent Appellant during the proceedings and counsel later filed an amended petition on Appellant's behalf. **See** Appellant's Amended Third PCRA Petition, 10/16/15, at 1-9. The amended petition reiterated the claims Appellant raised in his *pro se* petition.

On March 26, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 3/26/18, at 1; **see also** Pr.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on April 24, 2018, and Appellant filed a timely notice of appeal.

After the notice of appeal was filed, Appellant moved to proceed *pro se* on appeal. **See** Appellant's Petition for Waiver of Counsel, 5/4/18, at 1-2. The case was remanded so the PCRA court could conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **See** Order, 6/25/18, at 1. At the conclusion of the **Grazier** hearing, the PCRA court granted

---

[1] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. §9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter. **See id**. at Comment. Appellant filed his current petition on January 7, 2015; thus, the amended Section 9545(b)(2) does not apply to Appellant's claim.

Appellant's "Petition for Waiver of Counsel," and allowed Appellant to represent himself in this appeal. PCRA Court Order, 7/30/18, at 1. Appellant then filed a *pro se* brief in this court.

Appellant raises the following issue on appeal:

Whether the PCRA court erred in dismissing Appellant's PCRA petition without a hearing where there exist[s] "newly-discovered" evidence in the form of a signed [affidavit] from an unknown eyewitness, Darryl Williams?

Appellant's Brief at 4.

As a general matter, we "review a denial of PCRA relief to determine whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Albrech*, 994 A.2d 1091, 1093 (Pa. 2010). The PCRA, however, contains a jurisdictional time-bar which is subject to limited statutory exceptions. The jurisdictional nature of this time-bar requires that we first determine the timeliness of a petition before we consider the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999). Further, where a petitioner relies upon a statutory exception to overcome this time-bar, we note: "[q]uestions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." *Commonwealth v. Chester*, 895 A.2d 520, 522 n.1 (Pa. 2006).

After careful review of the certified record and the submissions of the parties, we conclude that Appellant's petition is untimely and that no statutory exception applies in this case.

Under the PCRA, "all petitions, including second and subsequent ones, must be filed within one year of the date on which the judgment [of sentence becomes] final, unless one of the three statutory exceptions . . . applies." *Yarris*, 731 A.2d at 586. Appellant's judgment of sentence became final in 1992 – approximately 27 years before Appellant filed the current petition. Hence, Appellant's petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction over this petition.

It is the appellant's burden to "allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013). In this case, Appellant argues that his petition is timely under the PCRA's newly-discovered facts exception. Specifically, Appellant claims that he first met Mr. Williams on December 15, 2014, that Mr. Williams dated the affidavit for December 16, 2014, and that he filed his PCRA petition on January 7, 2015. Accordingly, Appellant argues that his petition must be considered timely under the PCRA because it was filed within 60 days of Mr. Williams' affidavit. We disagree.

At the time Appellant's alleged claim arose, the newly-discovered facts exception to the PCRA's time-bar provided:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .

> (ii) the facts upon which the claim is predicated were **unknown to the petitioner** and **could not have been ascertained by the exercise of due diligence**.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b) (emphasis added).

Thus, for a petitioner to invoke this statutory exception, it is not enough to simply file a PCRA petition "within 60 days" after learning new information. Rather, a petitioner must "allege and prove that there were '**facts**' that were 'unknown to him' and that he could not have ascertained those **facts** by the exercise of due diligence." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original). Notably, the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Id; see also Commonwealth v. Abu–Jamal,* 941 A.2d 1263, 1269 (Pa. 2008) (holding that the discovery of "yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)"). Further, the statute requires the PCRA petition to specifically "explain why [the petitioner] could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). This is "strictly enforced." *Id.*

We have carefully reviewed Appellant's petition together with the relevant materials in the record to determine whether Appellant has properly invoked the newly-discovered facts exception to the PCRA's one-year time-bar. Based upon our review, we conclude that Appellant failed to demonstrate that the facts upon which Mr. Williams' affidavit are based were truly unknown to the Appellant or could not have been discovered earlier with the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

The newly-discovered facts upon which Appellant relies are that, on the night of the murder, Mr. Williams saw a man, who was approximately 5'5" or 5'6", with a "brown skin completion," "getting into the passenger seat of a car carrying what appeared to be a radio or television" at the location where the homicide occurred; and, that Mr. Williams provided this information to the police. Appellant's *Pro Se* Third PCRA Petition, 1/7/15, at Exhibit "A." Mr. Williams' statement is simply a vaguely-drawn declaration purporting to assert that he saw a man other than Appellant carrying a radio or television to a car on the night in question. Importantly, at trial, the jury heard evidence that Anthony Bird assisted Appellant in stealing items from the victim's home. Commonwealth's Brief at 9. Accordingly, the presence of another individual at the crime scene is not a new fact, and Appellant has never alleged that Mr. Bird does not fit the description given by Mr. Williams. Thus, Mr. Williams' affidavit cannot be used as a basis for relief under Section 9545(b)(1)(ii)

because it is simply a new source for previously known facts. ***See Marshall***, 947 A.2d at 720.

Furthermore, Appellant failed to plead and prove that he acted with due diligence. Instead, Appellant merely asserted that before December 15, 2014, he and Mr. Williams never met, and that the Commonwealth failed to include Mr. Williams' statement to the police in its discovery materials. Appellant's Brief at 10-11. This, per Appellant, precluded him from knowing "that such evidence/information existed." Appellant's Brief at 11. Indeed, Appellant states – without benefit of supporting argument – that, even if he exercised due diligence, he could not have learned of these facts. ***Id***.

Appellant failed to carry his burden under Section 9545(b)(1)(ii). We therefore hold that, since Appellant did not satisfy the statutory requirements for invoking the newly-discovered facts exception, he failed to overcome the PCRA's one-year time-bar. We have no jurisdiction to consider the merits of this petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19

- 8 -